UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HENDRICKS COLE,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:25-cv-02407-RFB-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Compel (ECF No. 19), Motion to Compel Supplemental Corporate Disclosure Statement (ECF No. 25), and Emergency Motions for Preservation Order. ECF Nos. 20, 26. Plaintiff is advised that even though he is appearing *pro se*, he must abide by the Federal Rules of Civil Procedure and Local Rules of Civil Practice. In the future, all filings must comply with Local Rule (LR) IA 10-1(a) and, therefore, **must** be double spaced and the lines of text must "be numbered consecutively beginning with 1 on the left margin of each page with no more than 28 lines per page." Further, all documents filed electronically **must** be filed in a searchable PDF Format. LR IA 10-1(b). Failure to comply with these rules may result in striking Plaintiff's filing. LR IA 10-1(d).

In addition to the above, the Court finds Plaintiff's Motion to Compel (ECF No. 19) fails for three reasons. First, there is no evidence that the parties have engaged in a Rule 26(f) conference, which must occur before discovery can be conducted. Fed. R, Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …."). Second, there is no evidence that Plaintiff served (or could serve) document requests on Defendant under Fed. R. Civ. P. 34 and, therefore, there is nothing to compel. Third, there is no evidence that Plaintiff met and conferred with Defendant before filing his Motion to Compel. This violates Local Rule 26-6(c) and LR IA 1-3(f).

Plaintiff's Motion to Compel Supplemental Corporate Disclosure Statement (ECF No. 25) also fails. The Court reviewed Defendant's disclosure statement and finds it is satisfactory for the

1   purpose for which it was filed.  No additional information is needed by the Court.  With respect to
2   Plaintiff's Emergency Motions for Preservations (filed twice at ECF Nos. 20 and 26), Defendant had
3   no obligation to respond to Plaintiff's preservation letter.  If Defendant fails to properly preserve
4   information and documents in compliance with its obligations to do so, Plaintiff may, in the future,
5   seek sanctions under Rule 37 or 37(e) if the documents were electronically stored information.  At
6   this juncture, there is no basis for the Court to order Defendant to comply with obligations already
7   imposed by law.
8        Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 19),
9   Motion to Compel Supplemental Corporate Disclosure Statement (ECF No. 25), and Emergency
10  Motions for Preservation Order (ECF Nos. 20, 26) are DENIED.
11       Dated this 6th day of January, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE