David J. Feldman, Esq.
Nevada Bar No. 5947
John C. Dorame, Esq.
Nevada Bar No. 10029
THE FELDMAN FIRM
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmanattorneys.com
jdorame@feldmanattorneys.com
*Attorneys for Defendant Farmers Property and*
*Casualty Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA HENDRICKS COLE, an Individual; <br><br> Plaintiff, <br><br> v. <br><br> FOREMOST INSURANCE COMPANY GRAND RAPIDS, MI.; DOE DEFENDANTS 1-10, inclusive, <br><br> Defendants. | Case No. 2:25-cv-02407-RFB-EJY |

### DEFENDANT FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION [ECF No. 42]

Defendant Farmers Property and Casualty Insurance Company, improperly referred to herein as Foremost Insurance Company, (hereinafter, "Defendant") by and through its attorneys of record, David J. Feldman, Esq. and John C. Dorame, Esq., of The Feldman Firm, hereby submits this Opposition to Plaintiff's Consolidated Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission [ECF No. 42].

This opposition is made and based on the papers and pleadings on file, the following memorandum of points and authorities, and any oral argument this Court may entertain at any hearing on this matter.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Joshua Hendricks Cole's (hereafter "Cole") Consolidated Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission [ECF No. 42] ("Motion") requests this Court determine that some of Defendant's responses to his First, Second, and Third Sets of Requests for Admission are insufficient and order Defendant to provide amended responses to the same within fourteen (14) days or in the alternative deem the matters admitted. ECF No. 42 at pg. 4. Plaintiff's request should be denied for a variety of reasons.

First, as will be explained below, Cole's Motion fails to comply with various local rules governing discovery motions, such as the instant one. Second, several of the responses Cole objects to are in response to requests that are themselves objectionable, in that they request Defendant provide a legal conclusion or make a legal determination, which courts uniformly find is an improper use of requests for admission.

Third, some of the responses Cole objects to are in response to requests wherein Cole has merely restated allegations in his complaint and asked Defendant to admit the same, allegations that Defendant has already denied in its answer and allegations which Defendant does not agree with. Courts routinely find this tactic (i.e., a mere recitation of dispute facts with a request to admit the same) to be an improper use of the discovery process. Finally, several of the responses Cole takes issue with are an attempt to circumvent the trial process and have Defendant admit disputed facts that are central to the claims being asserted herein. Defendant has already denied (in its answer) these facts are true and continues to dispute Cole's interpretation of those facts.

Simply put, Defendant believes it responses are appropriate and compliant with the rules of civil procedure and requests the Court deny Cole's motion in its entirety. To the extent the Court finds some or all of the responses to be deficient, Defendant requests the Court employ the general rule in this circuit and permit the responses to be amended.

/ / /

/ / /

2

## II.    LEGAL ARGUMENT

### A.    Cole's Motion is Non-Compliant.

Local Rule 26-6(c) provides:

[d]iscovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR IA 1-3(f) states:

[w]henever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

Further, LR IA 1-3(f)(2) provides:

[a] party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention**.**

Finally, LR IA 1-3(f)(4) States:

[f]ailure to make a good-faith effort to meet and confer before filing any motion to which this requirement applies may result in the denial of the motion.

Here, Cole has not complied with these clear and applicable rules. He does not assert a good faith meet-and-confer took place[1], and he does not provide the required declaration outlining the contents of and result of any such conference. For this reason alone, the Court should deny Cole's motion in its entirety.

### B.    Defendant's Responses are Appropriate and Compliant.

#### 1.    Defendant is not Required to Provide a Response that Requests a Legal Conclusion or Determination and Cole's Request are Inappropriate.

Cole complains that Defendant's response to requests for admission numbers 14, 19, and

---

[1] Defendant would note that Cole did raise his objections to Defendant's responses via an email communication. However, this is not sufficient under the rules, and in any event, Cole has not provided the required Declaration.

3

20, are insufficient and requests this Court order amended responses or in the alternative, deem the matters admitted. ECF No. 42 at pgs. 1-3. Cole's request should be denied as these requests are objectionable and an improper use of discovery.

These requests for admission provide as follows:

**REQUEST NO. 14:**

Admit that Plaintiff's policy included coverage for Additional Living Expenses (ALE).

**REQUEST NO. 19:**

Admit that NRS 686A.310 prohibits insurers from failing to acknowledge and act reasonably promptly upon communications with respect to claims.

**REQUEST NO. 20:**

Admit that NRS 686A.310 prohibits insurers from failing to adopt and implement reasonable standards for the prompt investigation of claims.

ECF No. 42 at pgs. 1-3.

As can be seen, each of these requests ask Defendant to make a legal conclusion, either by (1) making a determination as to what the policy of insurance legally covered (a broad concept involving a discussion of scope and exclusions), or (2) interpreting a statute. This is an improper use of a request for admission and the law is clear in this regard. Courts have noted that the purpose of a request for admission "is to allow the parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *See Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987); *JZ Buckingham Investments LLC v. United States*, 77 Fed.Cl. 37 (2007); *Vons Companies, Inc. v. United States*, 51 Fed.Cl. 1 at *13 (2001)(discussing the Committee Notes to Rule 36).

Courts across the country agree that requests to admit may not be used to establish legal conclusions. 7 Moore's Federal Practice, § 36.10[8] (3rd ed.2006); *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 1019 (C.D. Cal. 2013), aff'd in part, appeal dismissed in part, 614 F. App'x 867 (9th Cir. 2015)("Requests for admissions[, however,] cannot be used to compel an admission of a conclusion of law.")(quoting *Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d

1050, 1057 (S.D.Cal.1999); *see also Martin v. Safeco Ins. Co. of America*, No. 2:11–cv–01063 MCE KJN, 2012 WL 3070680, *1 (E.D.Cal. July 27, 2012) ("[P]laintiffs' requests for admission numbered 14 through 24 ask defendant to admit or deny what its general 'legal obligations' were in the context of reviewing and settling plaintiff Kristel Martin's insurance claim or claims, which amount to improper requests for admissions or denials as to legal conclusions"); *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C 03–5340 JF (RS), 2006 WL 3290402, *2 (N.D.Cal. Nov. 13, 2006) ("Google seeks to compel American Blind to respond (other than with objections) to two requests for admissions. The first request seeks an admission that under certain described circumstances no 'use' of American Blind's trademarks would occur 'within the meaning of the Lanham Act.' Under Fed. R. Civ. [P.] 36, requests for admission may properly relate to 'the application of law to fact,' but 'requests for admissions cannot be used to compel an admission of a conclusion of law.').

Yet this is precisely what Cole seeks to do here. This is an improper use of a request for admission and Defendant requests the Court find requests nos. 14, 19 and 20 improper and deny the motion in this regard.

> **2.      Defendant's Responses to the Remainder of the Requests for Admission Cole has Included Within his Motion are Proper and the Requests are Inappropriate.**

Cole complains that Defendant's response to requests for admission numbers 16, 17, and 24, as well as to two (2) other unidentified requests are insufficient and requests this Court order amended responses or in the alternative, deem the matters admitted. ECF No. 42 at pgs. 2-4. Cole's request should be denied as these requests are objectionable and an improper use of discovery.

These requests for admission provide as follows:

**REQUEST NO. 16:**

Admit that Plaintiff experienced housing instability as a result of the water losses covered by his policy.

**REQUEST NO. 17:**

Admit that Plaintiff was temporarily homeless as a result of delays in the processing of his claims.

**REQUEST NO. 24:**

Admit that Plaintiff incurred out-of-pocket expenses as a result of delays in the processing of his claims.

**REQUEST:**

Admit that no written inspection report exists reflecting an in-person inspection.

**REQUEST:**

Admit Defendant represented to the Nevada Division of Insurance that mold was found.

These requests are objectionable for a variety of reasons and Defendant properly responded to the same.

With respect to the last Request, Defendant objected that the Request was vague and denied it. ECF No. 42 at pg. 4. This is an unequivocal denial, and Cole's ask of this Court for an amended response should be denied. Regarding the inspection report Request, Defendant admitted that no report was necessary. ECF No. 42 at pg. 3. Thus, this is effectively an admission that no report exists. Therefore, Cole's request for an amended response should be denied.

Regarding Requests nos. 16, 17, and 24, Defendant responded that it was unable to admit or deny these requests, which was a proper response. ECF No. 42 at pgs. 2-3. First, these requests were vague and objectionable. The "requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Here, Cole did not do that.

Second, these requests were simply a re-hash of the allegations in Cole's complaint, which Defendant has already denied. As such, re-couching those allegations in the form of a request for admission and requesting Defendant admit the truth of the same is an improper discovery tactic. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1269 (11th Cir. 2002) (noting once a defendant has answered it is "inappropriate for a plaintiff to re-serve the complaint in the form of a request for admissions in order to 'require the defendant to admit or deny nearly every paragraph [of a complaint it has already answered].' ")(citing *Downs v. Brasted*, No. 92–1611, 1993 WL 273370,

6

at *1 (D.Kan. June 28, 1993); *Brenord v. Catholic Med. Ctr.*, 133 F.Supp.2d 179, 193 (E.D.N.Y.2001)).

Third, these requests improperly seek a response from Defendant to admit facts which are a central issue in this litigation, and which are in dispute, which is improper. *See e.g. In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995)(noting a request for admission as to a central fact in dispute is beyond the proper scope of normal discovery."); *see also Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390 (5th Cir. 1962) (requests for admissions as to central facts in dispute are beyond proper scope of rule providing that requested admissions shall be deemed admitted if not answered); *Johnson v. Garrett*, No. 3:20-CV-01935-JR, 2024 WL 5079964, at *4 (D. Or. Sept. 13, 2024), report and recommendation adopted, No. 3:20-CV-01935-JR, 2024 WL 5077901 (D. Or. Dec. 11, 2024).

Finally, and most significantly, Defendant simply does not know the answers to these requests. Simply because Cole alleges he incurred out-of-pocket expenses, and had housing instability, does not make it so. He has provided no proof supporting these assertions from which the Defendants can say one way or another these facts are established and Defendants would be required to speculate as to the same.

### C.     An Order to Amend Rather than Deeming the Matters Admitted is the Proper Remedy.

In the event this Court does not agree that Defendant has properly responded to Cole's requests for admission, then Defendant respectfully requests the Court order the responses to be amended in lieu of deeming the matters admitted. This is the proper remedy in the Ninth Circuit. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981)(noting "the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed.").

### III.     CONCLUSION

Based on the foregoing, Defendant Farmers Property and Casualty Insurance Company respectfully requests this Honorable Court deny Plaintiff Joshua Hendricks Cole's Consolidated Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission

[ECF No. 42] in its entirety. In the event the Court is inclined to grant the motion, then Defendant would request the Court permit Defendant to amend its responses in lieu of finding the matters deemed admitted.

DATED this 18th day of March, 2026.

THE FELDMAN FIRM

By: /s/ David J. Feldman
David J. Feldman, Esq.
Nevada Bar No. 5947
John C. Dorame, Esq.
Nevada Bar No. 10029
8831 West Sahara Ave.
Las Vegas, Nevada 89117
Telephone: (702) 949-5096
Facsimile: (702) 949-5097
*Attorneys for Defendant Farmers Property and Casualty Insurance Company*

8

**CERTIFICATE OF SERVICE**

I hereby certify that I am employee of The Feldman Firm, and that on the 18th day of March, 2026, I served the above and foregoing **DEFENDANT FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION [ECF No. 42]** on the parties identified on the following parties via the CM/ECF system:

Joshua Hendricks Cole
231 N. 11th Street, Suite 210
Las Vegas, NV 89101
Telephone: (702) 224-2617
E-Mail: thewhiteknight702@gmail.com
*Plaintiff in proper person*

                              */s/ Heather Miller*
                              An Employee of THE FELDMAN FIRM

9