# Exhibit A

Requests for Admissions to Plaintiff

David J. Feldman, Esq.
Nevada Bar No. 5947
John C. Dorame, Esq.
Nevada Bar No. 10029
THE FELDMAN FIRM
8831 West Sahara
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmanattorneys.com
jdorame@feldmanattorneys.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA HENDRICKS COLE, individually, | Case No.: 2:25-cv-02407-RFB-EJY |
| Plaintiff, | |
| vs. | |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MI, a division of Farmers Insurance Group, | |
| Defendant. | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF

To: Joshua Hendricks Cole, in Proper Person,

Defendant Foremost Insurance, (hereinafter Defendant) by and through its counsel of record, David J. Feldman, Esq. of The Feldman Firm, hereby requests Plaintiff Joshua Hendricks Cole admit to the truth of the following facts within thirty (30) days of service, separately and fully, pursuant to FRCP 36, for the purpose of this action and subject to all pertinent objections to admissibility which may be imposed at the trial.

## REQUEST NO. 1:

Regarding claim 7009323741 (date of loss August 8, 2025), admit that you received a $1,000.00 advance payment towards your personal property losses.

## REQUEST NO. 2:

Regarding claim 7009323741 (date of loss August 20, 2025), admit that your received

1

$8,270.57 for reimbursement of living expenses.

**REQUEST NO. 3:**

Regarding claim 7009323741 (date of loss August 20, 2025), admit that you did not return (via mail as directed) a notarized Proof of Loss Form, in the format provided by Defendant, by the November 7, 2025 deadline.

**REQUEST NO. 4:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit you were told by claims representative Brian Cole on November 7, 2025 that the proof of loss form needs to be notarized.

**REQUEST NO. 5:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that you were told by claims representative Brian Cole on November 7, 2025 that the Proof of Loss form was not the same as the contents list you had previously sent.

**REQUEST NO. 6:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that you were informed by claims representative Brian Cole on November 7, 2025 that the Proof of Loss form, required to be completed by you and notarized, was attached to the letter he sent you on September 8, 2025.

**REQUEST NO. 7:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that an additional copy of the Proof of Loss form was emailed to you on November 7, 2025.

**REQUEST NO. 8:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that on November 6, 2025 claims representative Brian Cole left you a voice mail message informing you that you needed to send in a completed Proof of Loss form by mail, in addition to the list of contents you had previously sent.

**REQUEST NO. 9:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that you received a voicemail message from claims representative Brian Holmes on October 15,2025, advising you that the documents previously sent by you were improperly formatted, missing information, and

did not include the required Proof of Loss form.

**REQUEST NO. 10:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that in the  voice mail message from claims representative Brian Holmes on October 15,2025 you were advised that the 60 day deadline to provide the completed Proof of Loss form was November 7, 2025.

**REQUEST NO. 11:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that in a voice mail message to claims representative Brian Holmes on September 19, 2025, you acknowledged understanding that the Proof of Loss form had to be printed out and sent by mail.

**REQUEST NO. 12:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that claims representative  Brian Holmes told you on September 18, 2025 that the Proof of Loss form had to be notarized.

**REQUEST NO. 13:**

Regarding claim 7009323741 (date of loss August 20, 2025) admit that on September 15,2025 you advised claims representative Brian Holmes  that you had the Proof of Loss form filled out and he gave the address of where to sent it.

**REQUEST NO. 14:**

Regarding claim 7009323741 (date of loss August 20,2025) admit Defendant sent you a letter on October 14, 2025 indicating it had not yet received your completed Proof of Loss form.

**REQUEST NO. 15:**

Regarding claim 700323741 (date of loss August 20, 2025) admit Defendant sent you a Proof of Loss form by mail on September 8, 2025 (regarding claim 7009323741).

**REQUEST NO. 16:**

Regarding claim 700932741 (date of loss August 20, 2025) admit Defendant sent you an additional Proof of Loss form by mail on October 16, 2025 to be filled out and returned by November 07, 2025.

/ / /

3

**REQUEST NO. 17:**

Regarding claim 700323741 (date of loss August 20, 2025) admit Defendant sent you an email on October 20, 2025 explaining that you had sent two incomplete copies of your personal property list and had not provided a completed Proof of Loss form to date.

**REQUEST NO. 18:**

Regarding claim 700323741 (date of loss August 20,2025) admit that in the October 20, 2025 email from Defendant  you were provided another copy of the Proof of Loss.

**REQUEST NO 19:**

Regarding claim 700323741 (date of loss August 20,2025) admit that in a second email from Defendant dated October 20, 2025 you were told the Proof of Loss needed to be notarized but the property list did not need to be notarized.

**REQUEST NO. 20:**

Regarding claim 700323741 (date of loss August 20, 2025) admit Defendant sent a letter to you on November 12, 2025 indicating your effort to return the Proof of Loss from did not comply with your policy's specific requirements; that it be notarized, sent by mail, and contain the contents list you referenced on the form.

**REQUEST NO 21:**

Regarding claim 700323741 (date of loss August 20, 2025) admit your landlord reimbursed you $600 in rent for the month of August as he determined the home was unlivable.

**REQUEST NO 22:**

Regarding claim 700323741 admit your lease agreement expired at the end of September 2025.

**REQUEST NO 23:**

Regarding claim 700323741 (date of loss August 20, 2025) admit claims employee John Keenan told you on September 15, 2025 that you did not have to use Aclarity but could find housing on your own.

/ / /

4

**REQUEST NO. 24:**

Regarding claim 700323741 (date of loss August 20, 2025) admit claims representative Brian Holmes inquired as to whether you were available to conduct a virtual inspection via video collaboration and you said you were not available.

**REQUEST NO. 25:**

Regarding claim 700323741 (date of loss August 20, 2025) admit you and claims representative Brian Holmes conducted a virtual inspection of the property via video collaboration on August 25, 2025.

**REQUEST NO. 26:**

Regarding claim 700323741 (date of loss August 20, 2025) admit that in a telephone conversation with Brian Holmes on September 15, 2025 he informed you that he had not yet received a breakdown of charges from Aclarity and he would follow up with them as he did not have a problem sending this to you.

**REQUEST NO 27:**

Regarding claim 700323741 (date of loss August 20, 2025) admit that your personal property lists did not include the age of each item as requested.

**REQUEST NO. 28:**

Regarding claim 7009243992 (date of loss July 19, 2025) admit that in an August 12, 2025 social media post you stated the incident that is the subject on this claim occurred on July 19, 2025.

**REQUEST NO. 29:**

Regarding claim 7009243992 (date of loss July 19, 2025) admit that you initially told claims representative Brian Holmes on July 29, 2025 that you discovered the loss on July 26, 2025 after being away from home for 36 hours.

**REQUEST NO. 30:**

Regarding claim 700924992 (date of loss July 19, 2025) admit that on August 12, 2025 you told claims representative Brian Holmes that you discovered the loss on July 19, 2025.

**REQUEST NO. 31:**

Regarding claim 700924992 (date of loss July 19, 2025) admit that in an August 12, 2025

5

social media post you stated that the loss was due to plumbing the neighbor did.

**REQUEST NO. 32:**

Regarding claim 700924992 (date of loss July 19, 2025) admit that the plumbing done by the neighbor on July 19, 2025 caused sewer water to back up into your home into the shower and through the washing machine drain line.

**REQUEST NO. 33:**

Regarding claim 700924992 (date of loss July 19, 2025) admit that a virtual inspection via video collaboration was conducted by you and claims representative Brian Holmes on July 31, 2025.

**REQUEST NO. 34:**

Regarding claim 700924992 (date of loss August 29, 2025) admit that in a series of seven voice-mail messages you sent to claim supervisor Jeffrey Thompson, you used fowl language and threatened him with physical harm.

**REQUEST NO. 35:**

Admit that you pled guilty to felony burglary on September 30, 2019.

**REQUEST NO. 36:**

Regarding claim 700924992 admit that you told claims representative Brian Holmes that the washing machine in your home would randomly intake water which would then leak and that it had occurred multiple times in the two years prior to July 19, 2025.

DATED this 6th day of March, 2026.

THE FELDMAN FIRM


By:  /s/ David Feldman
David J. Feldman, Esq.
Nevada Bar No. 5947
John C. Dorame, Esq.
Nevada Bar No. 10029
8831 West Sahara Ave.
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmanattorneys.com
jdorame@feldmanattorneys.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employee of The Feldman Firm, and that on the 6th day of March, 2026, I served the above and foregoing **DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF** on the parties identified on the following parties by electronic transmission in compliance with the Nevada Electronic Filing and Conversion Rules, and for those not listed for electronic service, was placed in the United States mail, first class, postage paid, in a sealed envelope:

Joshua Hendricks Cole
Plaintiff in Proper Person
231 N. 11th Street, Suite 210
Las Vegas, NV 89101
Tel: (725) 224-2617
Email: thewhiteknight702@gmail.com

/s/ Heather Miller
An Employee of THE FELDMAN FIRM

7